# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WENDY DOMENICA BUENO TENESACA,** | **Case No. 26–cv–04537–ESK** |
| **Petitioner,** | |
| v. | **OPINION AND ORDER** |
| **RANDI BORGEN, *et al.*,** | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Wendy Domenica Bueno Tenesaca's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).  (ECF No. 1.)  Respondents oppose the Petition.  (ECF No. 5.)

1.    Petitioner is a citizen of Ecuador.  (ECF No. 5 p.1.)  She entered the United States without admission or parole on June 12, 2021.  (ECF No. 5–1 p.2.)

2.    Immigration officials arrested and detained petitioner, issuing her a Notice to Appear (Notice) charging her with being present in the United States without being admitted or paroled.  (ECF No. 5–3 p.1.)  She was released on an unknown date.  (ECF No. 5–1 p.2.)

3.    On April 20, 2026, petitioner was arrested by the Long Branch Police Department for simple assault. (*Id.*) Immigration and Customs Enforcement (ICE) issued a detainer and picked her up from the Monmouth County Correctional Facility in Freehold, New Jersey.  (ECF No. 5 p.2.)  She was not provided with a bond hearing. (*Id.*)  According to respondents, petitioner "has a pending Immigration Court Case with no future hearing date." (ECF No. 5–1 p.2.)

4.    This Petition followed on April 24, 2026.   (ECF No. 1.)

5.    Respondents filed an answer on April 30, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) "because she is a noncitizen who entered without inspection or parole who was detained by immigration authorities in the interior of the country without having been lawfully admitted.   Accordingly, [p]etitioner is an 'applicant for admission' who is not entitled to a bond hearing."   (ECF No. 5 p.2.)

6.     Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that the Court has already rejected in *Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, D.N.J. Oct. 30, 2025) and other cases.   (*Id.* p. 1 & n. 1.)

7.     I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore she should have been detained under 8 U.S.C. § 1226(a),[1] which requires an opportunity to seek bond.[2]   *See Ayala Amaya*, 2025 WL 3033880, at *2–3.

8.     I further note that federal courts have similarly rejected respondents' position in near unanimity in hundreds of cases to date.   *See, e.g., Cunha v. Freden*, No. 25–3141–PR, __ F.4th __, 2026 WL 1146044, at *5 (2d Cir. Apr. 28, 2026); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25–cv–05488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.   Those decisions are plainly correct."); *but see Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[3]

---

[1] Respondents do not assert that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).   (*See* ECF No. 5 pp. 2, 3.)

[2] I note that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over petitioner's challenge to her continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.   *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

[3] *Avila* and *Buenrostro-Mendez* are not binding authority, and this Court is unpersuaded by their reasoning for many of the reasons articulated in the dissenting opinions, including that the panels' interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Avila*, 170 F.4th at 1138–40 (Erickson, J., dissenting); *Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).

Accordingly,

**IT IS** on this **6th** day of **May 2026 ORDERED** that:

1.      Petitioner's § 2241 Petition is **GRANTED**. Respondents shall provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before an immigration judge within **7 days** of this Order. Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2.      Petitioner's counsel shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention.

3.      The Clerk shall **CLOSE** this case.

         */s/ Edward S. Kiel*
         **EDWARD S. KIEL**
         **UNITED STATES DISTRICT JUDGE**